

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAR 2 1 2002**

FILED
CLERK'S OFFICE

RECEIVED
CLERK'S OFFICE
2002 MAR 19  A 10: 40
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION



BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

In re:

TRI-STATE CREMATORY
LITIGATION

MDL DOCKET NO. _____

## PLAINTIFFS' MOTION FOR TRANSFER AND
## COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Elizabeth J. Cabraser
Wendy R. Fleishman
Kathryn E. Barnett
Alistair E. Newbern
275 Battery Street, 30th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Plaintiffs in <u>Bechtel et al. v. Tri-State Crematory, Inc., et al.,</u>
Case No. 4:02-CV-041 (N.D. Ga)
[ additional counsel appear on signature page ]

**OFFICIAL FILE COPY**
IMAGED MAR 27 '02

Carol Bechtel, Paula Yockel, and Anthony Schuchman, plaintiffs in <u>Bechtel, et al.</u> <u>v. Tri-State Crematory, Inc., et al.</u>,[1] Case No. 4:02-CV-041 (N.D. Ga.) (Murphy, J.), respectfully submit this motion pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, for an order transferring to the Northern District of Georgia, Rome Division, all pending and yet-to-be-filed federal actions arising from the mishandling, abuse, and desecration of the remains of hundreds of deceased persons whose bodies were entrusted to funeral homes that contracted with Tri-State Crematory for cremation services.

As discussed below and in the accompanying Memorandum, the pending actions listed in the accompanying Schedule of Actions (the "Scheduled Actions") satisfy the requirements for transfer for consolidation or coordination because they concern common questions of fact and law, and because consolidation or coordination of the Scheduled Actions

---

[1] The complete caption of this case is <u>Carol A. Bechtel, Paula Yockel, and Anthony Shuchman, on behalf of themselves and others similarly situated v. Tri-State Crematory, Inc., T. Ray Brent Marsh, Clara C. Marsh, Rhames L. Marsh, Samuel Marsh, Buckner-Rush Enterprises, Inc., Prime Succession Holding, Inc., Prime Succession, Inc., Prime Succession of Tennessee, Inc., Burt Funeral Home, Inc., Ewton Funeral Home, Inc., Franklin-Strickland Funeral Home, Inc., Avery Bryan Funeral Home, Inc., Service Corporation International, SCI Tennessee Funeral Services, Inc., d/b/a Chattanooga Funeral Home-West Chapel, SCI Tennessee Funeral Services, Inc., d/b/a Chattanooga Funeral Home-East Chapel, SCI Tennessee Funeral Services, Inc., d/b/a Hooper Chattanooga Funeral Home-North Chapel, SCI Tennessee Funeral Services, Inc., d/b/a Hooper Funeral Homes, Inc., Kerby Funeral Home, LLC, J.D. Hill Funeral Home, Inc., Erwin Pettit Funeral Home, Inc., Carriage Services, Inc., Carriage Funeral Holdings, Inc., d/b/a Williamson & Sons Funeral Home, Carriage Funeral Holdings d/b/a Lane Funeral Home, Jesse Jones Funeral Home, Inc., Kerby Funeral Home, Inc., Layne Funeral Home, Inc., Putnam Funeral Home, Inc. (The), Sequatchie Valley Memorial Funeral Home & Gardens, Inc., Taylor Funeral Home of Chattanooga, Inc., Wann Funeral Home, Inc., Love Funeral Home, Inc., R.D. Moore Funeral Home, Inc., Willis Funeral Home, Inc., W.L. Wilson & Sons, Inc., Wilson Funeral Home Wallis Stewart Chapel, LLC, Ryan Funeral Home, LLC, Gilmore Funeral Home, LLC, Vanderwall Funeral Home, Inc., Turner Funeral Home, Inc., Pikeville Funeral Home, Inc. (The), Covenant Funeral Service, Patton's Funeral Home, Pinkard & Mee Funeral Service, Inc., Julian Peeples Funeral Home, Peeples Funeral Home, and Does 1 through 100, inclusive,</u>

will promote efficiency and convenience to the parties, the witnesses, and the courts. Finally, transfer for consolidation or coordination will promote collaboration among the federal courts and the state courts in which parallel actions have also been filed.

In support of their motion, Ms. Bechtel, Ms. Yockel, and Mr. Schuchman state as follows:

1. Ms. Bechtel, Ms. Yockel, and Mr. Schuchman are the named plaintiffs in Bechtel, et al. v. Tri-State Crematory, Inc., et al., Case No. 4:02-CV-041 (N.D. Ga.) (Murphy, J.).

2. Ms. Bechtel, Ms. Yockel, and Mr. Schuchman bring this class action based upon Tri-State Crematory, Inc.'s, (hereinafter, Tri-State) recently discovered practice of mishandling, abuse, and desecration of the remains of hundreds of deceased persons whose bodies were entrusted to funeral homes that contracted with Tri-State for cremation services.

3. Counsel for Ms. Bechtel, Ms. Yockel, and Mr. Schuchman are aware of the following federal class and individual actions arising from Tri-State's practices, which contain similar factual allegations and seek equitable relief and damages from common defendants:

        a. Eleanor Kitter Dent v. Tri-State Crematory, Inc., T. Ray Brent Marsh, Clara C. Marsh, Rhames L. Marsh, and Samuel Marsh, Case No. 4:02-CV-032 (N.D. Ga.) (Murphy, J.);

        b. Lorie Ann Walley, Carlton Dale Rice, Timothy Todd Rice, Damian Walley, and Virginia Rice Ellington v. Tri-State Crematory, Inc., Ray Brent Marsh, Walter L. Crox, Barbara Crox, and Covenant Funeral Services, Case No. 02-0149-CB-L, (S.D. Ala.) (Butler, J.).

4. Pursuant to Rule of Procedure of the Judicial Panel on Multidistrict Litigation 7.2(a)(ii), accompanying this motion is a Schedule of Actions containing a list of all

pending related federal actions of which Ms. Bechtel, Ms. Yockel, and Mr. Schuchman are aware.

5. A true and correct copy of the complaints in the <u>Bechtel</u>, <u>Dent</u> and <u>Walley</u> actions are attached hereto as Exhibits A and B.

6. Over a period of years that is not yet fully defined, Tri-State and its owners and operators, members of the Marsh family, failed to cremate human remains entrusted to them for cremation services in the manner dictated by human decency and applicable laws. Instead, they concealed uncremated human remains and commingled cremated remains in mass graves and throughout wooded areas and a lake surrounding the crematorium.

7. On February 15, 2002, Tri-State's practices were discovered, beginning an ongoing criminal investigation which, to date, has resulted in the recovery of 339 uncremated bodies, 112 of which have been conclusively identified, and the unearthing of pits containing unidentified cremated remains.

8. Numerous funeral homes in areas of Georgia, Alabama, and Tennessee surrounding the crematorium contracted with Tri-State for cremation services. At a minimum, these companies failed, throughout the period in which Tri-State engaged in these practices, to inspect, monitor, or supervise Tri-State's business operations, as was their duty, so as to discover the harms taking place.

9. In their complaint, Ms. Bechtel, Ms. Yockel, and Mr. Schuchman seek an order certifying a nationwide class of people whose loved ones were set to Tri-State for cremation; equitable relief, including imposition of a trust upon the land on which the uncremated remains have been discovered for the benefit of the proposed class; and compensatory damages, punitive damages, interest as appropriate, and attorneys' fees and costs.

10. The Scheduled Actions make similar factual allegations regarding the appalling conduct that lies at the heart of this litigation.  For example, each case alleges that Tri-State represented that it was properly cremating bodies entrusted to it, when, in fact, it was concealing uncremated remains on the property surrounding the crematorium.  The Scheduled Actions further allege that the plaintiffs in each case suffered harm as the result of Tri-State's practices.

11. The Scheduled Actions also assert similar legal theories.  All of the cases assert causes of action for negligence and fraud.  The Bechtel and Walley actions assert common claims of breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, negligent misrepresentation or innocent fraud, and intentional infliction of emotional distress.  All of the Scheduled Actions seek compensatory and/or punitive damages.

12. The Bechtel and Dent actions seek certification of nationwide classes, both of which include the next of kin or those otherwise responsible for the burial of a decedent whose remains were sent to Tri-State for cremation purposes, but were not properly cremated.

13. In light of the tragic nature of the events giving rise to these cases, and the emotional hardship faced by the families involved, transfer and consolidation or coordination is particularly appropriate because it will prevent these families from having to follow class proceedings going forward before different courts in multiple states and multiple federal judicial districts to ensure that their rights are being fairly enforced.

14. In all of the Scheduled Actions, including the class and individual cases, the District Court will be asked to determine the following common factual issues:

    a.  Whether Tri-State Crematory, Inc., failed to carry out the proper and respectful cremation of bodies entrusted to it for cremation services;

b.  Whether Tri-State Crematory, Inc., buried uncremated and cremated human remains on the property surrounding the crematorium instead of returning loved ones' cremated remains to their families;

c.  Whether Tri-State Crematory, Inc., gave families foreign materials, commingled cremated human remains, and cremated remains of persons other than their deceased family members instead of their loved ones' cremated remains;

d.  The time period during which Tri-State and the Marsh family engaged in these practices;

e.  Whether the members of the Marsh family knew or should have known of these practices, and which members of the Marsh family knew that these practices were going on;

f.  Whether the funeral homes that contracted with Tri-State Crematory, Inc., for cremation services knew or should have known of these practices;

g.  Whether the funeral homes that contracted with Tri-State Crematory, Inc., for cremation services failed to monitor their agent's activities adequately in accordance with their duty to the families who contracted with them for burial services;

h.  Whether the funeral homes that contracted with Tri-State Crematory, Inc., for cremation services were negligent in providing burial services including cremation to the families that contracted with them for such services;

i.  Whether the funeral homes that contracted with Tri-State Crematory, Inc., for cremation services breached their nondelegable duty to the families that contracted with them for burial services to ensure that the next of kin's wishes for the decedent's burial are carried out with dignity and respect;

j.  Whether Tri-State, the Marsh Family, and/or the defendant funeral homes attempted to conceal Tri-State Crematory's practices

k.  Whether the families who are named plaintiffs and who are members of the classes defined in the actions filed have been injured, entitling them to damages;

l.  Whether the families who are named plaintiffs and who are members of the classes defined in the actions filed are entitled to

equitable relief;

m. Whether the actions of the Tri-State and others render an award of punitive damages appropriate; and

n. Whether an equitable trust for the benefit of all families touched by this tragedy should be placed upon the property upon which these commingled remains were abused and abandoned.

15. The discovery in each of the Scheduled Actions proposed for consolidation will be substantially similar and will involve the same or similar documents and witnesses because each case arises from virtually the same operative facts regarding these tragic events.

16. Absent transfer of all of these cases to a single forum for coordinated or consolidated pretrial proceedings, there is a substantial risk of inconsistent pretrial rulings on discovery and other key issues, including class certification.

17. All of the Scheduled Actions were filed no more than sixty days before the date of this motion. Accordingly, all are in the beginning stages of litigation, and no prejudice or inconvenience will result from transfer, coordination and/or consolidation at this time.

18. Tri-State Crematory contracted to provide cremation services to funeral homes located in areas of Georgia, Alabama, and Tennessee surrounding its crematorium.

19. This case is particularly appropriate for transfer and consolidation or coordination because it involves a local business, operating in a relatively small business area, with a clientele largely selected by geography. Because the transactions at the heart of these cases took place among businesses located in a small geographical area, documentary evidence, potential witnesses, and a majority of the parties are located in areas within the jurisdiction of the District Court for the Northern District of Georgia, Rome Division.

20. Most of the families now bringing claims live within a short distance from

the crematorium, or have family members who live in the area.  The extremely emotional nature of the litigation requires that the families involved not be required to travel far from home to ensure that their rights are preserved.

21. The property that is central to the allegations in all of these actions and that is the subject of the Bechtel plaintiffs' requests for equitable relief lies within the jurisdiction of the District Court for the Northern District of Georgia, Rome Division, as does the physical evidence which remains on that property.

22. The ongoing criminal investigation and recovery effort surrounding these events is based in Walker County, Georgia.

23. These factors also dictate not only that these cases are well-suited for transfer and consolidation, but also that of the many additional cases likely to be filed in this litigation, a majority will likewise be filed in Georgia's state or federal courts in counties surrounding the site of the crematorium.

24. Early transfer and coordination or consolidation of pretrial proceedings in these actions will promote the convenience of the parties and witnesses and help to ensure the just and efficient conduct of the litigation.  It will also help to avoid the risk of duplicative discovery and inconsistent rulings on pretrial issues, including discovery disputes and class certification.  Transfer and coordination or consolidation will result in a significant savings of time and expense and the development of a consistent body of law regarding litigation arising out of these tragic events.

WHEREFORE, Ms. Bechtel, Ms. Yockel, and Mr. Schuchman respectfully request that the Panel enter an order consolidating the Scheduled Actions, together with any

related actions subsequently filed or presently unknown to those bringing this motion, for pretrial

proceedings in the United States District Court for the Northern District of Georgia, Rome

Division.

Dated: March *15*, 2002

Respectfully submitted by,

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

DOFFERMYRE, SHIELDS, CANFIELD,
KNOWLES & DEVINE
Ralph I. Knowles, Jr.
Suite 1600, 1355 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-8900
Facsimile: (404) 881-3007

Kathryn E. Barnett
Alistair E. Newbern
3319 West End Avenue, Suite 600
Nashville, Tennessee 37203
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

McCAMY, PHILLIPS, TUGGLE &
FORDHAM, LLP
Robert H. Smalley, III
P.O. Box 1105
Dalton, Georgia
Telephone: (706) 278-4499
Facsimile: (706) 278-5002

Wendy R. Fleishman
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

BARRETT LAW OFFICE
John W. "Don" Barrett
P.O. Box 987
Lexington, MS 39095
Telephone: (662) 834-2376
Facsimile: (662) 834-2628

Charles Barrett
Marshall Smith, Jr.
3319 West End Avenue, Sixth Floor
Nashville, TN 37203
Telephone: (615) 386-8391
Facsimile: (615) 386-8392

Attorneys for Plaintiffs Carol Bechtel, Paula Yockel, and Anthony Schuchman in Bechtel et al.
v. Tri-State Crematory, Inc., et al.,
Case No. 4:02-CV-041 (N.D. Ga)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAR 2 1 2002**

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

In re:

TRI-STATE CREMATORY
LITIGATION

MDL DOCKET NO. _____

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
2002 MAR 19  A 10: 40
RECEIVED
CLERK'S OFFICE

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Elizabeth J. Cabraser
Wendy R. Fleishman
Kathryn E. Barnett
Alistair E. Newbern
275 Battery Street, 30th Floor
San Francisco, CA  94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Attorneys for Plaintiffs in Bechtel et al. v. Tri-State Crematory, Inc., et al.,
Case No. 4:02-CV-041 (N.D. Ga)
[ additional counsel appear on signature page ]

## I.    **INTRODUCTION**

Carol Bechtel, Paula Yockel, and Anthony Schuchman, plaintiffs in <u>Bechtel, et al.</u> <u>v. Tri-State Crematory, Inc., et al.</u>, Case No. 4:02-CV-041 (N.D. Ga.) (Murphy, J.), respectfully submit this memorandum pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the rules of Procedure of the Judicial Panel on Multidistrict Litigation, in support of their Motion for Transfer and Coordination or Consolidation of pending federal actions arising from the macabre mishandling, abuse, and desecration of the remains of hundreds of deceased persons whose bodies were entrusted to funeral homes that contracted with Tri-State Crematory, Inc., of Noble, Georgia (hereinafter, "Tri-State") for cremation services.

Two related actions are currently pending in the federal courts. These actions are <u>Eleanor Kitter Dent v. Tri-State Crematory, Inc., T. Ray Brent Marsh, Clara C. Marsh, Rhames</u> <u>L. Marsh, and Samuel Marsh</u>, Case No. 4:02-CV-032 (N.D. Ga.) (Murphy, J.), and <u>Lorie Ann</u> <u>Walley, Carlton Dale Rice, Timothy Todd Rice, Damian Walley, and Virginia Rice Ellington v.</u> <u>Tri-State Crematory, Inc., Ray Brent Marsh, Walter L. Crox, Barbara Crox, and Covenant</u> <u>Funeral Services</u>, Case No. 02-0149-CB-L, (S.D. Ala.) (Butler, J.).

Prompt transfer and coordination or consolidation of the increasing number of cases resulting from these catastrophic events serves the interests of justice and efficiency. The actions now pending, and those which are sure to be filed subsequently, against Tri-State, the Marsh family, and the funeral homes that contracted with Tri-State for cremation services share essential common questions of fact. The actions will undoubtedly generate duplicative and overlapping discovery requests, and, consequently, duplicative and overlapping discovery disputes which would unnecessarily drain the resources of the parties and the federal judicial system, absent transfer and coordination. Moreover, given the transitory nature of the evidence

in these cases, the extremely emotional nature of this litigation, and the myriad questions which remain unanswered for the families affected by Tri-State's inhumane practices, it is vital that the federal court litigation resulting from these practices be centralized and streamlined so that it may be resolved expeditiously.

Carol Bechtel, Paula Yockel, and Albert Schuchman request that the Scheduled Actions be transferred to the Northern District of Georgia, Rome Division. The majority of pending actions, in both federal and state courts, have been filed in Walker County, Georgia, the county in which Tri-State Crematory is located, and in which the mishandled human remains that are the subject of this action were located and found. Walker County lies within the jurisdiction of the District Court for the Northern District of Georgia, Rome Division. Therefore, the District Court in Rome, Georgia is in the best position to coordinate the pending and ongoing federal state court actions. Likewise, it is reasonable to expect that still more cases will be filed and that the majority of those actions will also be filed in Georgia federal and state courts in and around Walker County. In addition, the ongoing criminal investigation and recovery efforts surrounding this tragedy are centered in Walker County, Georgia. Finally and importantly, the property that is central to the allegations in all of these actions and that is the subject of requests for equitable relief lies within the Northern District of Georgia, Rome Division.

## II.    BACKGROUND OF THE LITIGATION

The plaintiffs in all of the actions subject to the pending motion allege that over a period of years not yet temporally defined, Tri-State failed to cremate human remains entrusted to it for cremation services in the manner dictated by its obligation to the decedents' families, applicable laws, and human decency. Rather, Tri-State and the Marsh family concealed uncremated human remains and commingled cremated remains in rudimentary mass graves, and

in wooded areas and a lake surrounding their property. Tri-State and the Marsh family then returned to the families, in place of their loved ones' cremated remains, foreign materials such as cement, and, unimaginably, the cremated remains of other persons unknown to them.

Throughout the time in which Tri-State and the Marsh family were committing these egregious acts, the funeral homes relied upon by the decedents' families to carry out their loved ones' wishes with decency and respect failed to monitor or supervise their agent, Tri-State, as it needlessly injured family after family, time and time again. Tri-State contracted to provide cremation services with numerous funeral homes in Georgia, and in bordering areas of Alabama and Tennessee. At a minimum, the funeral home defendants failed to properly inspect, monitor or supervise the business practices of their agent, Tri-State. Plaintiffs allege that if any one of the defendant funeral homes had inspected, supervised or monitored Tri-State's activities, these practices would have been discovered and stopped before widespread injury took place. Because each and every defendant funeral home failed to meet its duty, Tri-State was able to continue, undiscovered, its practice of mishandling, commingling and desecrating the remains of the loved ones of family after family. Through the defendants' collective silence about the true nature of the practices at Tri-City, each defendant contributed to and caused harm to every member of the class by enabling and facilitating the mishandling, commingling and desecration of the decedents' remains.

Tri-State's practices came to light on February 15, 2002, after human remains were accidentally discovered on land near the crematory. An ongoing criminal investigation was initiated by the Georgia Bureau of Investigation, which has resulted, to date, in the recovery of 339 uncremated bodies, 112 of which have been conclusively identified, and pits containing unidentifiable cremated remains. Family members have discovered that the urns returned to

them, purportedly containing their loved ones' ashes, were instead packed with other substances, including cement, and may contain the commingled remains of persons unknown to them.

## III.   PENDING ACTIONS

In addition to their pending case, Ms. Bechtel, Ms. Yockel, and Mr. Schuchman are aware of the two federal cases listed above, and on the accompanying Schedule of Actions (collectively, the Scheduled Actions). As noted below, all of these actions involve common factual issues, common claims against common defendants, and common legal theories and requests for relief.

### A.   The Actions Name Common Defendants

All of the Scheduled Actions name Tri-State and Ray Brent Marsh as defendants. The Bechtel and Dent cases both name individual members of the Marsh family as defendants, including Clara C. Marsh, and Rhames L. Marsh. The Bechtel and Walley cases both name Covenant Funeral Services as a defendant. The Bechtel case names all funeral homes known as of this date to have contracted with Tri-State for cremation services. It reasonably can be anticipated that any future actions filed will name Tri-State and Ray Brent Marsh as defendants. Further, it is reasonable to assume that any other members of the Marsh family or any other funeral homes named as defendants in future actions will be common with those named by one or all of the Bechtel, Walley, and Dent suits.

### B.   The Actions Share Common Issues of Fact

As a threshold requirement, actions to be consolidated under 28 U.S.C. § 1407 must share one or more common questions of fact. In the pending Scheduled Actions, these common questions include the following:

a)  Whether Tri-State Crematory, Inc., failed to carry out the proper and respectful cremation of bodies entrusted to it for cremation services;

b)  Whether Tri-State Crematory, Inc., buried uncremated and cremated human remains on the property surrounding the crematory instead of returning loved ones' cremated remains to their families;

c)  Whether Tri-State Crematory, Inc., gave families foreign materials, commingled cremated human remains, and cremated remains of persons other than their deceased family members instead of their loved ones' cremated remains;

d)  The time period during which Tri-State and the Marsh family engaged in these practices;

e)  Whether the members of the Marsh family knew or should have known of these practices, and which members of the Marsh family knew that these practices were going on;

f)  Whether the funeral homes that contracted with Tri-State Crematory, Inc., for cremation services knew or should have known of these practices;

g)  Whether the funeral homes that contracted with Tri-State Crematory, Inc., for cremation services failed to monitor their agent's activities adequately in accordance with their duty to the families who contracted with them for burial services;

h)  Whether the funeral homes that contracted with Tri-State Crematory, Inc., for cremation services were negligent in providing burial services including cremation to the families that contracted with them for such services;

i)  Whether the funeral homes that contracted with Tri-State Crematory, Inc., for cremation services breached their nondelegable duty to the families that contracted with them for burial services to ensure that the next of kin's wishes for the decedent's burial are carried out with dignity and respect;

j)  Whether Tri-State, the Marsh Family, and/or the defendant funeral homes attempted to conceal Tri-State Crematory's practices;

k)  Whether the families who are named plaintiffs and who are members of the classes defined in the actions filed have been injured, entitling them to damages;

l)  Whether the families who are named plaintiffs and who are members of the classes defined in the actions filed are entitled to equitable relief;

m) Whether the actions of the Tri-State and others render an award of punitive damages appropriate; and

n)  Whether an equitable trust for the benefit of all families touched by this tragedy should be placed upon the property upon which these commingled remains were abused and abandoned.

## C.  The Actions Involve Common Legal Theories and Requests for Relief

All of the Scheduled Actions assert claims for negligence and fraud.  The Walley and Bechtel actions assert common claims of breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, negligent misrepresentation/innocent fraud, and intentional infliction of emotional distress.  The Dent and Bechtel cases both seek to be certified as class actions.  Moreover, all of the cases seek compensatory and punitive damages as well as equitable or other relief.

## IV.  TRANSFER AND COORDINATION OR CONSOLIDATION WILL PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE SCHEDULED ACTIONS AND OFFER CONVENIENCE TO THE WITNESSES AND TO THE PARTIES.

The basic purpose underlying the enactment of 28 U.S.C. § 1407 was "to secure, in multi-district civil litigation as in all other civil litigation, the 'just, speedy and inexpensive determination of every action'" aspired to by the Federal Rules of Civil Procedure.  In re Nat. Student Marketing Litigation, 368 F.Supp. 1311, 1316 (J.P.M.L. 1973) (quoting FED. R. CIV. P. 1).  Transfer of related actions to a single court under § 1407 is proper where, as here, (1) the cases involve common questions of fact, and (2) transferring the actions will prevent duplicative discovery requests or disputes, and (3) transferring the actions will eliminate the possibility of inconsistent procedural determinations.  See In re LTV Corp. Sec. Litig., 470 F.Supp. 859, 862

(J.P.M.L. 1979); In re Bristol Bay Salmon Fishery Antitrust Litig., 424 F.Supp. 504, 506 (J.P.M.L. 1976); In re Litig. Arising From Termination of Retirement Plan for Employees of Fireman's Fund Ins. Co., 422 F.Supp. 287, 290 (J.P.M.L. 1976); In re Nat'l Airlines, Inc., 399 F.Supp. 1405, 1407 (J.P.M.L. 1975). This is true even in litigation where as few as two related cases have been filed. See In re First Nat. Bank, Heavener, Okl. (First Mortg. Revenue Bonds) Securities Litigation, 451 F.Supp. 995, 997 (J.P.M.L. 1978).

Moreover, in this litigation, transfer and coordination is particularly important, as it will enable the Transferee Court to coordinate with the various state courts dealing with this litigation arising from these events, as the Manual for Complex Litigation, Third recommends. See MANUAL FOR COMPLEX LITIGATION—THIRD § 33.23 (Federal Judicial Center 1995).

## A. The Scheduled Cases Involve Common Factual Questions.

The threshold inquiry in determining whether related cases should be transferred for coordination or consolidation of pretrial proceedings is whether the actions involve common factual questions. See 28 U.S.C. § 1407(a); In re Federal Election Campaign Act Litig., 511 F.Supp. 821, 823 (J.P.M.L. 1979). If the related cases involve common questions, it is likely that they will benefit from consolidation or coordination. See In re Equity Funding Corp. of America Securities Litig., 375 F.Supp. 1378, 1382 (J.P.M.L. 1973). Unique factual issues in the individual cases do not defeat transfer, and all factual issues in the scheduled actions need not be common for the cases to benefit from coordination or consolidation. See In re Amsted Industries Inc. Erisa Litig., 162 F.Supp.2d 697, 698 (J.P.M.L. 2001).

As set out in Section III(A), above, at the heart of each of the Scheduled Actions are common factual questions. Because determination of these factual issues is essential to all claims arising from the defendants' actions, all as-yet-unfiled actions arising from this conduct

will revolve around these common factual questions as well.

**B.      Transfer and Coordination or Consolidation Will Prevent Duplicative
         Discovery.**

         The common nature of the factual questions which underlie the Scheduled

Actions ensures that discovery requests in all three cases will be largely duplicative.  Absent

transfer and coordination or consolidation, the defendants will be required to respond to multiple

requests for the same information regarding their business practices, their contracts for services,

and their knowledge during the time period at issue.  Because the same defendants will be

responding to essentially identical requests for discovery and deposition questions, disputes

among the parties over this discovery will likewise be largely duplicative. In addition to

unnecessarily wasting judicial resources, absent transfer for coordination and consolidation, the

district courts hearing these cases might reach contradictory conclusions which could, in turn,

lead to inconsistent results.  Transfer and coordination or consolidation of the Scheduled Actions

will both conserve the resources of the parties and of the courts, by ensuring that these disputes

need be resolved only once.  This will help to ensure that all the pending actions are resolved in a

just and efficient manner for the equal benefit of all parties.  See In re StarLink Corn Products

Liability Litig., 152 F.Supp.2d 1378, 1380 (J.P.M.L. 2001).

**C.      Transfer and Coordination Will Eliminate Scheduling Conflicts and
         Inconsistent Rulings On All Pretrial Matters, Including Class Certification
         Issues.**

         Centralized pretrial proceedings work to conserve the time, effort, and financial

resources of the judiciary as well as the parties, and eliminate the possibility of inconsistent

rulings from sister courts in parallel proceedings that might impair the equitable and orderly

administration of justice.  See In re Longhorn Secs. Litig., 552 F.Supp. 1003, 1004 (J.P.M.L.

1982); In re Hotel Tel. Charge Antitrust Litig., 341 F.Supp. 771, 772 (J.P.M.L. 1972) ("We have

frequently held that the . . . threat of inconsistent judicial decisions of . . . class and other issues requires transfer of multidistrict litigation to a single judge under Section 1407."). Moreover, in litigation where there are both common and unique issues of fact, it is important that the actions be allowed to go forward before a single judge who can establish a pretrial program under which pretrial proceedings with respect to any non-common issues proceed concurrently with pretrial proceedings on common issues. See In re Amsted Industries Inc. Erisa Litig., 162 F.Supp.2d at 698.

When related actions seek class action status on behalf of overlapping classes, as the Bechtel and Dent cases do, there is a particularly significant potential for conflicting or inconsistent rulings on class certification issues. See In re Computervision Corp. Securities Litig., 814 F.Supp. 85, 86 (J.P.M.L. 1993) (finding transfer required to prevent inconsistent pretrial rulings, particularly with regard to class certification); In re Cement and Concrete Antitrust Litig., 437 F.Supp. 750, 752 (J.P.M.L. 1977) ("[S]ince duplicating or overlapping classes are sought in most of the actions, transfer to a single district is desirable in order to avoid the possibility of inconsistent class determinations."); In re Roadway Express, Inc. Employment Practices Litig., 384 F.Supp. 612, 613 (J.P.M.L. 1974)(holding that the possibility of inconsistent class determinations presents a highly persuasive reason for transfer under 28 U.S.C. § 1407). Assignment of all litigation arising out of the Tri-State Crematory tragedy would "surely [be] the most efficient way to resolve the questions of proper class representation and the effect of each of these actions on the other." In re Litig. Arising From Termination, 422 F.Supp. at 290.

In light of the emotional vulnerability and uncertainty faced by the families touched by this tragedy, it is particularly important that they not be required to follow class proceedings before multiple courts in multiple states and multiple federal judicial districts to

ensure enforcement of their rights.

Transfer and consolidation or coordination is particularly appropriate in the present action because all of the Scheduled Actions have been filed within the last sixty days. No factual or legal issues have been adjudicated to date, and there are no practical impediments to prompt coordination and consolidation of the cases. Moreover, it is reasonably certain that more cases arising from this tragedy will soon be filed. It would be far more efficient and less confusing for all to consolidate and coordinate these actions now, at this early stage in this litigation, rather than to wait for the inevitable flurry of additional suits. Transfer and coordination at this early stage will benefit the parties and potential witnesses by providing a single forum for pre-trial activity, as well as allowing the federal court system to manage effectively what is sure to be an ever-expanding litigation. Finally, transferring all the federal Tri-State Crematory actions to a judge who can devote a considerable portion of time to the litigation will benefit the parties because that court will be able to impose well-designed and uniform pre-trial procedures, deadlines, and discovery policies that will conserve the resources and time of all involved.

### D.   Transfer and Coordination Allows for Greater Cooperation Among the Federal and State Courts.

Transfer and coordination of the federal actions will also enable the Transferee Court to coordinate with the various state courts in which Tri-State Crematory actions have been filed. Multidistrict Litigation courts are uniquely situated to take an important role in organizing and coordinating joint proceedings with state courts. For example, in the litigation regarding the diet drugs fenfluramine and phentermine (Fen/Phen), plaintiffs filed tens of thousands of cases in the state and federal courts against the manufacturers of these drugs. All of the cases filed in or

removed to federal court became part of the MDL proceeding presided over by the Honorable

Louis Bechtle of the United States District Court for the Eastern District of Pennsylvania. The

class actions and individual cases co-existed amicably and cooperated actively. Throughout this

litigation, Judge Bechtle regularly consulted with the state court judges, most of whom utilized

the case management plan developed in the MDL case. See In re Diet Drugs (Phentermine,

Fenfluramine, Dexfenfluramine) Products Liability Litig., MDL No. 1203, 1999 WL 782560 *2

(E.D. Pa. 1999). The Transferee Court here could similarly coordinate with the state courts to

further organize this litigation and reduce the costs to the parties and the federal and state judicial

systems by streamlining discovery and other pre-trial procedures in both forums.

## V.    THIS MULTIDISTRICT LITIGATION IS IDEALLY SUITED FOR THE NORTHERN DISTRICT OF GEORGIA, ROME DIVISION.

The Judicial Panel on Multidistrict Litigation has used various criteria to

determine the most appropriate transferee forum under 28 U.S.C. § 1407. Among the factors the

Panel has considered to be relevant are the convenience of the parties and witnesses; the relative

degree of progress achieved in pending actions; the location of parties, witnesses, and

documents, the likelihood that a given district's location would enhance the prospects for

cooperation among the federal and state courts; and, when no clear choice emerges from these

factors, the preference of the majority of the parties. See In re New Mexico Natural Gas

Antitrust Litig., 482 F.Supp. 333, 337 (J.P.M.L. 1979); In re Factor 8 or 9 Concentrate Blood

Products Liability Litig., 853 F.Supp. 454, 455 (J.P.M.L. 1993); Hon. John F. Nangle,

Multidistrict Litigation: A View from the Bench, 2000 ATLA Conference.

Two of the pending federal cases are before Judge Harold Murphy, United States

District Court for the Northern District of Georgia, Rome Division. The majority of the cases

filed in state courts, moreover, are pending in Walker County, Georgia, in the same judicial district. The property that is at the center of this tragedy and that is the subject of requests for equitable relief lies in Walker County, Georgia, as well. Finally, the ongoing criminal investigation and recovery efforts are based out of Georgia. For all of these reasons, Ms. Bechtel, Ms. Yockel, and Mr. Schuchman request that the Panel transfer the third Scheduled Action to this court, and consolidate the Scheduled Actions before Judge Murphy.

A.      **Location of the Parties, Witnesses, and Documents**

This case is particularly appropriate for transfer and consolidation or coordination because it involves a local business, operating in a relatively small business area, with a clientele largely selected by geography. Tri-State Crematory is located in Lafayette, Georgia, only forty miles from the United States District Court for the Northern District of Georgia's Rome Division courthouse. The Marsh family members named as defendants continue to live in and around Lafayette.

In a case of this emotional nature, it is particularly important that the aggrieved family members not be required to travel to a foreign location to ensure protection of their rights. It has become clear that the vast majority of the families who attempted to use Tri-State for cremation services live or have family members who live in the area immediately surrounding Rome, Georgia. Moreover, because Tri-State operated a localized business, all of the funeral homes that contracted with it for cremation services are located within a small radius of the crematory that encompasses towns in Georgia, Alabama, and Tennessee. Just as Tri-State was centrally located to its customers, the Rome courthouse is now a central location to the aggrieved family members and defendant funeral home owners and operators who are parties and witnesses in this case.

The localized nature of the events at the heart of these actions also indicates that the relevant evidence is in areas surrounding Rome, Georgia. The documentary evidence held by Tri-State, the Marsh family, and the defendant funeral homes is likely to be held in corporate offices in neighboring areas. The physical evidence relevant to these cases also remains in the area surrounding the crematory, and is, therefore, nearby to the Rome court. In addition, because the ongoing criminal investigation and recovery effort is based in Georgia, the discovery and cataloguing of additional evidence also will be headquartered in Georgia. Finally, the <u>Bechtel</u> plaintiffs have asked the Court to impose a trust on the land on which these remains were abused and abandoned for the benefits of the families who had loved ones entrusted to Tri-State, the members of the class they seek to represent. The nature of this requested equitable relief further highlights the necessity that the Transferee Forum be geographically close to the land on which these heinous torts were committed.

**B.      Advancement of the Proceedings and Judicial Efficiency**

If the proceedings in one particular forum are significantly more advanced than in parallel proceedings elsewhere, that forum is generally the appropriate selection for transferee status. In this case, however, all of the actions are in their nascent stages because all were filed within the last three months. As of this date, to the best of the movants' knowledge, no formal discovery or initial disclosures have materially advanced in any of the federal actions.

The majority of the parallel cases pending in state court have been filed in Walker County, Georgia, the county in which the crematory is located. The presence of these actions in geographically neighboring courts further highlights the ability of the Northern District of Georgia, Rome Division, to enhance the prospects for state and federal coordination of discovery. Transferring the federal litigation to the Northern District of Georgia, where state

court proceedings are pending and the Tri-State premises are located, will facilitate this process.

As the Manual for Complex Litigation, at § 33.23, State-Federal Coordination, notes:

> Mass tort litigation frequently involves filings in both federal and state courts. While multidistrict treatment of the federal cases under 28 U.S.C. § 1407 may be possible, some state court cases may not have been removed -- or may not be removable -- and therefore are not subject to § 1407 transfer. When consolidated treatment in a single court is not possible, state and federal judges should coordinate the proceedings.
>
> Coordination between state and federal courts has the potential of reducing duplication of effort, with the resulting waste of resources, and of minimizing conflicts between jurisdictions. Courts have been able to coordinate scheduling and discovery plans, to appoint joint special masters and lead counsel, to create federal-state depositories, to preside jointly at hearings, and to conduct joint settlement and alternative dispute resolution procedures. The difficulty of coordination increases, however, with the degree of dispersion of the cases; coordination within one or two states is much more readily accomplished than national coordination, though an effort should be made in the latter situation as well, especially when the MDL process has been used to consolidate federal cases.

MANUAL FOR COMPLEX LITIGATION—THIRD, § 33.23 (1995).

## V.    CONCLUSION

In light of the substantial similarity of allegations arising from the defendants' actions, the likelihood of duplicative discovery, and the potential for conflicting pretrial rulings on class and other pretrial issues, Ms. Bechtel, Ms. Yockel, and Mr. Schuchman respectfully request that the scheduled actions be transferred and coordinated and/or consolidated pursuant to 28 U.S.C. § 1407 in the United States District Court for the Northern District of Georgia, Rome Division, before Judge Harold Murphy, and that all related individual or class actions also be transferred to the designated Transferee Court as "tag-along actions."

- 15 -

Dated this _15th_ day of March, 2002.

Respectfully submitted by,

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

DOFFERMYRE, SHIELDS, CANFIELD,
KNOWLES & DEVINE
Ralph I. Knowles, Jr.
Suite 1600, 1355 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-8900
Facsimile: (404) 881-3007

McCAMY, PHILLIPS, TUGGLE &
FORDHAM, LLP
Robert H. Smalley, III
P.O. Box 1105
Dalton, GA
Telephone: (706) 278-4499
Facsimile: (706) 278-5002

Kathryn E. Barnett
Alistair E. Newbern
3319 West End Avenue, Suite 600
Nashville, TN 37203
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

Wendy R. Fleishman
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

BARRETT LAW OFFICE
John W. "Don" Barrett
P.O. Box 987
Lexington, MS 39095
Telephone: (662) 834-2376
Facsimile: (662) 834-2628

Charles Barrett
Marshall Smith, Jr.
3319 West End Avenue, Sixth Floor
Nashville, TN 37203
Telephone: (615) 386-8391
Facsimile: (615) 386-8392

Attorneys for Plaintiffs Carol Bechtel, Paula Yockel, and Anthony Schuchman in Bechtel et al.
v. Tri-State Crematory, Inc., et al.,
Case No. 4:02-CV-041 (N.D. Ga)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 1 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2002 MAR 19  A 10: 41

RECEIVED
CLERK'S OFFICE

In re:

TRI-STATE CREMATORY
LITIGATION

MDL DOCKET NO. _____

## PLAINTIFFS' SCHEDULE OF ACTIONS SUBMITTED PURSUANT TO RULE 7.2(a)(ii)

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Elizabeth J. Cabraser
Wendy R. Fleishman
Kathryn E. Barnett
Alistair E. Newbern
275 Battery Street, 30th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Plaintiffs in Bechtel et al. v. Tri-State Crematory, Inc., et al.,
Case No. 4:02-CV-041 (N.D. Ga)
[ additional counsel appear on signature page ]

Pursuant to Federal Rule of Procedure of the Judicial Panel on Multidistrict

Litigation 7.2(a)(ii), plaintiffs Carol Bechtel, Paula Yockel, and Anthony Schuchman, submit the

following schedule of pending actions:

*Carol A. Bechtel, Paula Yockel, and Anthony Shuchman, on behalf of themselves and others similarly situated v. Tri-State Crematory, Inc., T. Ray Brent Marsh, Clara C. Marsh, Rhames L. Marsh, Samuel Marsh, Buckner-Rush Enterprises, Inc., Prime Succession Holding, Inc., Prime Succession, Inc., Prime Succession of Tennessee, Inc., Burt Funeral Home, Inc., Ewton Funeral Home, Inc., Franklin-Strickland Funeral Home, Inc., Avery Bryan Funeral Home, Inc., Service Corporation International, SCI Tennessee Funeral Services, Inc., d/b/a Chattanooga Funeral Home-West Chapel, SCI Tennessee Funeral Services, Inc., d/b/a Chattanooga Funeral Home-East Chapel, SCI Tennessee Funeral Services, Inc., d/b/a Chattanooga Funeral Home-North Chapel, SCI Tennessee Funeral Services, Inc., d/b/a Hooper Funeral Homes, Inc., Kerby Funeral Home, LLC, J.D. Hill Funeral Home, Inc., Erwin Pettit Funeral Home, Inc., Carriage Services, Inc., Carriage Funeral Holdings, Inc., d/b/a Williamson & Sons Funeral Home, Carriage Funeral Holdings d/b/a Lane Funeral Home, Jesse Jones Funeral Home, Inc., Kerby Funeral Home, Inc., Layne Funeral Home, Inc., Putnam Funeral Home, Inc. (The), Sequatchie Valley Memorial Funeral Home & Gardens, Inc., Taylor Funeral Home of Chattanooga, Inc., Wann Funeral Home, Inc., Love Funeral Home, Inc., R.D. Moore Funeral Home, Inc., Willis Funeral Home, Inc., W.L. Wilson & Sons, Inc., Wilson Funeral Home Wallis Stewart Chapel, LLC, Ryan Funeral Home, LLC, Gilmore Funeral Home, LLC, Vanderwall Funeral Home, Inc., Turner Funeral Home, Inc., Pikeville Funeral Home, Inc. (The), Covenant Funeral Service, Patton's Funeral Home, Pinkard & Mee Funeral Service, Inc., Julian Peeples Funeral Home, Peeples Funeral Home, and Does 1 through 100, inclusive,*
Case No. 4:02-CV-041
U.S. District Court for the Northern District of Georgia, Rome Division
Honorable Harold Murphy

*Eleanor Kitter Dent v. Tri-State Crematory, Inc., T. Ray Brent Marsh, Clara C. Marsh, Rhames L. Marsh, and Samuel Marsh,*
Case No. 4:02-CV-032
U.S. District Court for the Northern District of Georgia, Rome Division
Honorable Harold Murphy

*Lorie Ann Walley, Carlton Dale Rice, Timothy Todd Rice, Damian Walley, and Virginia Rice Ellington v. Tri-State Crematory, Inc., Ray Brent Marsh, Walter L. Crox, Barbara Crox, and Covenant Funeral Services,*
Case No. 02-0149-CB-L
U.S. District Court for the Southern District of Alabama
Honorable Charles Butler

Dated: March **15**, 2002

Respectfully submitted by,

_____

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

DOFFERMYRE, SHIELDS, CANFIELD,
KNOWLES & DEVINE
Ralph I Knowles, Jr.
Suite 1600, 1355 Peachtree Street
Atlanta, GA  30309
Telephone:  (404) 881-8900
Facsimile:  (404) 881-3007

McCAMY, PHILLIPS, TUGGLE &
FORDHAM, LLP
Robert H. Smalley, III
P.O. Box 1105
Dalton, Georgia
Telephone: (706) 278-4499
Facsimile: (706) 278-5002

Kathryn E. Barnett
Alistair E. Newbern
3319 West End Avenue, Suite 600
Nashville, Tennessee  37203
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

Wendy R. Fleishman
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile:  (212) 355-9592

BARRETT LAW OFFICE
John W. "Don" Barrett
P.O. Box 987
Lexington, MS  39095
Telephone:  (662) 834-2376
Facsimile:  (662) 834-2628

Charles Barrett
Marshall Smith, Jr.
3319 West End Avenue, Suite 600
Nashville, TN  37203
Telephone:  (615) 386-8391
Facsimile:  (615) 386-8392

Attorneys for Plaintiffs Carol Bechtel, Paula Yockel, and Anthony Schuchman in Bechtel et al.
v. Tri-State Crematory, Inc., et al.,
Case No. 4:02-CV-041 (N.D. Ga)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 1 2002

## **PROOF OF SERVICE BY MAIL**

FILED
CLERK'S OFFICE

I am a citizen of the United States and employed in Davidson County, Tennessee.

I am over the age of eighteen years and not a party to the within-entitled action. My business

address is 3319 West End Avenue, Suite 600, Nashville, Tennessee 37203-1074. I am readily

familiar with this firm's practice for collection and processing of correspondence for mailing

with the United States Postal Service. On March 19, 2002, I placed with this firm at the above

address for deposit with the United States Postal Service a true and correct copy of the within

document(s): Plaintiffs' Schedule of Actions Submitted Pursuant to Rule 7.2(a)(ii); Plaintiffs'

Motion for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407; and Plaintiffs'

Memorandum in Support of Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407

in a sealed envelope, postage fully paid, addressed as follows:

Clerk of Courts
U.S. District Court
Northern District of GA
600 East First Street
Rome, GA 30161

Clerk of Courts
U.S. District Court
Southern District of AL
113 St. Joseph Street
Mobile, AL 36602

Charles A. Graddick
Sims, Graddick & Dodson, P.C.
Post Office Box 1908
Mobile, AL 36633-1908
Attorney for Plaintiffs
Lorie Ann Walley, Carlton Dale Rice,
Timothy Todd Rice, Damian Walley
and Virginia Rice Ellington

Robert M. Darroch
Edwin L. Hamilton
Mabry & McClelland, LLP
2200 Century Parkway, NE
Tenth Floor
Atlanta, GA 30345
Attorneys for Plaintiff
Eleanor Kitter Dent

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2002 MAR 20  A 10: 29

RECEIVED
CLERK'S OFFICE

Walter L. Crox
Barbara Crox
Covenant Funeral Service
2114 Chapman Road
Chattanooga, TN 37421

T. Ray Brent Marsh
Clara C. Marsh
Rhames L. Marsh
Route 4, Box 1170A
LaFayette, GA 30728

Tri-State Crematory, Inc.
Tommy R. Marsh
Route 4, Box 1170A
LaFayette, GA 30728

Prime Succession Holdings, Inc.
c/o CT Corporation System
Kentucky Home Life Building
Louisville, KY 40202

Prime Succession of Tennessee, Inc.
c/o CT Corporation System
530 Gay Street
Knoxville, TN 37902

Buckner-Rush Enterprises, Inc.
c/o CT Corporation System
530 Gay Street
Knoxville, TN 37902

Burt Funeral Home, Inc.
W. H. Borders, Jr.
207 Gault Avenue, South
Fort Payne, AL 35967

Ewton Funeral Home, Inc.
L.T. Austin
Cherry Street
Dunlap, TN 37327

Franklin-Strickland Funeral Home,
Inc.
William A. Carson II
Brinkley Plaza
80 Monroe Avenue, #700
Memphis, TN 38103

J. Avery Bryan Funeral Home, Inc.
H. Wayne Grant
9th Floor, Republic Center
633 Chestnut Street
Chattanooga, TN 37450

Service Corporation International
James M. Shelger
1929 Allen Parkway
Houston, TX 77019

SCI Tennessee Funeral Services, Inc.
The Prentice-Hall Corporation
System, Inc.
2908 Poston Avenue
Nashville, TN 37203

J.D. Hill Funeral Home, Inc.
Ross C. Lane
833 Chickamauga Avenue
Rossville, GA 30741

Kerby Funeral Home, Inc.
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Erwin-Pettit Funeral Home, Inc.
D.L. Pettit
Route #2, Box 76A
Summerville, GA 30747

Carriage Services, Inc.
W. Christopher Schaeper
Two Allen Center
1200 Smith Street, Suite 3600
Houston, TX 77002

Carriage Funeral Holdings, Inc.
CT Corporation System
530 Gay Street
Knoxville, TN 37902

Jesse Jones Funeral Home, Inc.
Jesse Jones
Post Office Box 44
Chatsworth, GA 30705

Layne Funeral Home, Inc.
Ben L. Hill, III
Number One Oak Avenue
Jasper, TN 37347

Putnam Funeral Home, Inc. (The)
George H. Reed
Post Office Box 178
Old York Highway
Pikeville, TN 37367

Sequatchie Valley Memorial Funeral
    Home & Gardens, Inc.
Byron B. Boyd
4630 Shallowford Road
Chattanooga, TN 37421

Taylor Funeral Home of Chattanooga,
Inc.
John R. Taylor, Sr.
3417 Wilcox Blvd.
Chattanooga, TN 37411

Wann Funeral Home, Inc.
Petty & Landis, P.C.
1 Union Square
602 Krystal Bldg.
Chattanooga, TN 37402

Love Funeral Home, Inc.
Charles E. Joyce
1402 Chattanooga Road
Dalton, GA 30720

R.D. Moore Funeral Home, Inc.
Larry Gene Moore
11910 South Main
Trenton, GA 30752

Willis Funeral Home, Inc.
William J. Willis, Sr.
425 Fourth Avenue
Dalton, GA 30721

W.L. Wilson & Sons, Inc.
Leroy W. Wilson
555 West Cloud Springs Road
Ft. Oglethorpe, GA 30742

Wilson Funeral Home Wallis
  Stewart Chapel, LLC
Leroy W. Wilson
555 West Cloud Springs Road
Ft. Oglethorpe, GA 30742

Ryan Funeral Home, LLC
Robert A. Ryan, Jr.
546 Risher Road
Rising Fawn, GA 30738

Gilmore Funeral Home, LLC
Gilmore Funeral Home LLC
1600 McArthur Drive
Manchester, TN 37355

Vanderwall Funeral Home, Inc.
Thomas Vanderwall
US Highway 27 Bypass
Dayton, TN 37321

Turner Funeral Home, Inc.
James M. Turner
1101 Dodds Avenue
Chattanooga, TN 37404

Pikeville Funeral Home, Inc. (The)
Mary Beach
Main Street
Pikeville, TN 37367

Patton's Funeral Home
265 Fair Street, SE
Cleveland, TN 37311

Pinkard & Mee Funeral Service, Inc.
Keneth O. Fritz
400 Pioneer Bank Building
Chattanooga, TN 37402

Julian Peeples Funeral Home
2801 Cleveland Highway
Dalton, GA 30721

Peeples Funeral Home
208 Third Avenue South
Chatsworth, GA 30705

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of Tennessee that the above is true and correct.

Executed on March 19, 2002, at Nashville, Tennessee.

Alistair E. Newbern

T:\WordProc\TRI\Pleadings\PROOF OF SERVICE BY mail2.doc

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 21 2002

## SUPPLEMENTAL PROOF OF SERVICE BY MAIL

FILED
CLERK'S OFFICE

I am a citizen of the United States and employed in Davidson County,

Tennessee. I am over the age of eighteen years and not a party to the within-entitled

action. My business address is 3319 West End Avenue, Suite 600, Nashville, Tennessee

37203-1074. I am readily familiar with this firm's practice for collection and processing

of correspondence for mailing with the United States Postal Service. On March 19, 2002,

I placed with this firm at the above address for deposit with the United States Postal

Service a true and correct copy of the within document(s): Plaintiffs' Schedule of

Actions Submitted Pursuant to Rule 7.2(a)(ii); Plaintiffs' Motion for Transfer and

Coordination or Consolidation under 28 U.S.C. § 1407; and Plaintiffs' Memorandum in

Support of Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 in a

sealed envelope, postage fully paid, addressed as follows:

Samuel Marsh
Route 4, Box 1170 A
Lafayette, GA 30728

McCracken K. Poston, Jr.
Attorney at Law
62 Nance Lane
PO Box 1130
Ringgold, GA 30736
Attorney for Defendant
T. Ray Brent Marsh

Prime Succession, Inc.
CT Corporation System
Kentucky Home Life Building
Louisville, KY 40202

Kerby Funeral Home, LLC
A.M. Brewer
3364 Highway 205 N
Albertville, AL 35950

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2002 MAR 21  P 1: 32

RECEIVED
CLERK'S OFFICE

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of Tennessee that the above is true and correct.

Executed on March 21, 2002, at Nashville, Tennessee.

Alistair E. Newbern